**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*P. Michael Cunningham*  *Suite 400*  Direct: 410-209-4884
*Assistant United States Attorney*  *36 S. Charles Street*  Main: 410-209-4800
michael.cunningham@usdoj.gov@usdoj.gov  *Baltimore, MD 21201-3119*  Fax: 410-962-3091

July 1, 2021

The Honorable Ellen L. Hollander
Senior United States District Judge
101 West Lombard Street
Baltimore, Maryland  21201

      Re:    *United States v. Gary E. Davis*
             Criminal No.  20-0341-ELH
             <u>Sentencing Memorandum</u>

Dear Judge Hollander:

     A sentence of 40 months incarceration followed by a 15 year term of supervised release is the appropriate sentence for Gary Davis.  Mr. Davis participated in pedophile KIK chat rooms, actively downloading and trading child pornography.  Mr. Davis' KIK account contained over 700 images of child pornography which included images of bondage and violence perpetrated on infants and toddlers, and children in sex acts with animals.

     Balancing the seriousness of Davis' conduct against his lack of criminal history, timely acceptance of responsibility, and apparent remorse, a 40 month sentence and 15 year term of supervised release is appropriate.  The government is recommending a below guideline sentence; a further variance would fail to: (1) reflect the seriousness of the offense, (2) promote respect for the rule of law, (3) provide adequate deterrence, (4) avoid sentence disparity, and (5) recognize the harm that Davis' actions have caused to the child victims depicted in the hundreds of images and videos of child pornography he possessed and distributed.[1]

**I.**      **The Sentencing Guidelines.**

     The government agrees with the Presentence Investigation Report that Davis' final offense score is 24 and that he has a criminal history category of I.  The applicable guideline range is therefore 51 to 63 months. Notably, Davis stipulated that in addition to possessing child pornography, he distributed it.  It should be acknowledged that a conviction for distribution of child pornography would have required a 5 year (60 month) mandatory minimum term of imprisonment.  The government agrees that under the circumstances, that would have been

---

[1] The Court will no doubt note that the government has not included protection of the public among these sentencing objectives.  Without accepting the arguably specious prognostications of future dangerousness posited by many defense experts, this particular factor seems less relevant in the instant case than many others and is factored into the government's recommendation.

unnecessarily punitive, and circumscribed this court's discretion.  Nonetheless, it reflects the seriousness of the crime and should factor into the sentencing calculus.

## II.     The Offense Conduct  (Statement of Facts).

Mr. Davis was identified as a suspect in the trafficking of child sexual abuse material ("CSAM") during an undercover KIK chat investigation by Winnebago County Sheriff's Office in Wisconsin. The investigation revealed a KIK user, "Taboo_Tendency," – subsequently identified as Davis – was an active receiver and contributor of CSAM within KIK chat groups entitled, "Ups and Downs of Kids," "Tiny Tots," and "Young Share."  At about the same time, the Frederick County [Maryland] Sheriff's Office received a NCMEC Cyber Tip regarding the same KIK user "Taboo_Tendency" which was attributed to Gary Davis of 10911 Lace Leaf Lane, Monrovia, MD 21770.

During a federal search warrant at his home, Davis admitted he had used the KIK Account "Taboo Tendency."  He admitted engaged in sharing and viewing CSAM in KIK Group Chats on an IPAD Mini which he later destroyed.

A review of records from Davis' KIK account identified approximately 713 files, including 539 videos and 174 images, of child pornography, including some that had been identified in the undercover KIK investigation.  A significant percentage of images of child pornography depicted prepubescent minors, including children in the 2-10 year-old age cohort.

Below are some examples of the child pornography recovered from the Defendant's KIK account distributed in Kik Groups "Young share" and "Teeny Tiny Tots":

| File Name: | Description: |
|---|---|
| 8c8500d5-a932-435f-8580-1f3fcf20660b | Video depicts a prepubescent female, aged approximately 3- to 5-years old, lying nude between the legs of an adult Caucasian male. During this video, the prepubescent female is seen performing oral sex on the adult male's penis and the adult male ejaculates into the girl's mouth. The data provided by Kik showed this file was sent via Kik Group from IP Address 73.191.67.219 to approximately 48 Kik users on 1/21/2020. |
| 63e36d4c-d520-45da-9080-cf7b1781efaf | Image file depicts a naked prepubescent minor female laying in a slight incline position with her legs spread apart, such that her bare vagina is displayed. The data provided by Kik showed this file was sent via Kik group to 41 Kik users from IP Address 73.191.67.219 on 1/19/2020. |
| 833b4574-aa34-474e-9c31-1ba01dca2234 | Image file depicts a prepubescent minor female laying on her back with no underwear on, displaying her bare vagina to the camera. The data provided by Kik showed this file was received by taboo_tendency from Kik user "lilithlovers_awe" on 01/16/2020 |
| 0fc8e877-1d2c-4f56-a63e-c7f581a7acb6 | Image file named "0fc8e877-1d2c-4f56-a63e-c7f581a7acb6," which |

| | |
|---|---|
| | depicted a prepubescent minor, aged approximately 9- to 11-years old, seated on the floor wearing nothing but socks. This girl's legs are spread open such that her bare vagina is exposed. According to the data provided taboo_tendency received this file on 01/17/2020 in a Kik group from User "lilithlovers_awe" and sent this file on 1/18/2020 in a Kik Group with approximately 49 other Kik users. This file was distributed from IP Address 73.191.67.219 on 1/18/2020. |
| 393514e9-ca23-412a-b467-58a3f0bdfb87 | Image file named "393514e9-ca23-412a-b467-58a3f0bdfb87," which depicted a prepubescent minor girl aged approximately 8-years old, wearing nothing but underwear, laying on her back in a bed with her legs spread apart. This girl is pulling her underwear to the side with her right hand, exposing her bare vagina to the camera. According to the data provided, taboo_tendency received this image on 1/20/2020 in a Kik group from Kik User "11suzzie_7dx". |

### III.     The Impact on the Victims.

Online sex exploitation offenses result in permanent injury for victims because of the pervasive and public nature of the internet and the perpetual harm caused by the continuous viewing of the exploitive material. In all child pornography cases, these images and videos are a permanent record of the child's sexual abuse. These images are mass-produced and shared with other offenders. Effects of unlawful images on child victims are often devastating and child sex abuse victims suffer a lifetime of physical and psychological problems. Each time an image is viewed and distributed, these children are re-victimized.

Davis collected and distributed a large number of images and videos depicting child exploitation. And much of the child pornography that Davis possessed, such as some of the examples above, were of the very worst kinds, including incredibly young children under 5; and anal, vaginal, and oral rape. By collecting a vast library of this abuse, and distributing it to others, Davis significantly contributed to the constant re-victimization of the victims.

### IV.     A Sentence of 40 months in Prison and 15 Years of Supervised Release is Appropriate.

Davis' timely acceptance and lack of criminal history makes the disposition of the case to possession, rather than distribution, appropriate. Despite stipulating to distribution, Davis avoids a mandatory minimum. Moreover, the government is recommending a sentence significantly below what would have been the mandatory minimum as well as downwardly variant from the applicable guideline range. However, that variant should be tempered by recognizing the need to appropriately punish Davis.

The substantial collection child pornography found on Davis' KIK account included oral, vaginal, and anal penetration of minors, including prepubescent minors; child pornography involving toddlers; and child pornography involving bondage and other sadistic acts. The recommendation for a 40 month sentence takes into account the positive aspects of Davis' life and character, while reflecting the egregiousness of the conduct, the great need for deterrence, the

avoidance of sentence disparities and penalty for injuries to the innocent victims.  A sentence as recommended by the defendant would fail to properly redress those objectives.  The defendant is not the victim in this case; he is one of the perpetrators – an aider and abetter, if you like – of a heinous abuse of children for personal sexual gratification.  Moreover, to the extent this impacts his family adversely, that too is on him, not the government for prosecuting this case nor the court for imposing a sentence worthy of the crime.  Anything less than a robust sentence denouncing his conduct and those of other perpetrators like him will fail those victims and the aim of ending these horrific crimes.

      Accordingly, the government respectfully recommends a downwardly variant sentence of 40 months incarceration with a 15 year term of supervised release.

      Very truly yours,

      Jonathan F. Lenzner
      Acting United States Attorney

By: *[signature]*
      P. Michael Cunningham
      Assistant United States Attorney
      Joyce King
      Special Assistant United States Attorney